UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

KYLE MERSCHDORF,
on behalf of himself and
all others similarly situated,                              Case No. 19-cv-1037

              Plaintiff,                          **COLLECTIVE AND CLASS**
     v.                                           **ACTION PURSUANT TO**
                                                  **29 U.S.C. §216(b) AND**
DC INDUSTRIES INC.                                **AND FED. R. CIV. P. 23**
1016 Randall Avenue
Rhinelander, Wisconsin 54501                      **JURY TRIAL DEMANDED**

              and

DANIEL CAHEE
1016 Randall Avenue
Rhinelander, Wisconsin 54501

              Defendants.

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Kyle Merschdorf, against Defendants, DC Industries Inc. and Daniel

Cahee

2.    Plaintiff brings these FLSA and WWPCL claims and causes of action against

Defendants on behalf of himself and all other similarly-situated current and former hourly-paid,

non-exempt employees of Defendants for purposes of obtaining relief under the FLSA and WWPCL for unpaid minimum wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3.      Defendants operated an unlawful compensation system that deprived Plaintiff and all other current and former hourly-paid, non-exempt Delivery Driver employees of minimum wages for all compensable work performed each workweek by: (1) requiring said employees to use their own vehicles when delivering pizza and other food items to customers, but failing to reimburse said employees for the costs of the use of their vehicles, such as gas, maintenance, and insurance, in violation of the FLSA and WWPCL; (2) compensating said employees at an (effective) hourly rate of less than $7.25 per hour when performing in-store duties, such as making pizzas and other food items and assisting customers, in violation of the FLSA and WWPCL; and (3) taking a tip credit on a pay period basis, but failing to have a tip declaration signed by said employees each pay period, in violation of the WWPCL.

4.      Defendants' deliberate failure to compensate its hourly-paid, non-exempt Delivery Driver employees for hours worked and work performed at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business, and have substantial and systematic contacts, in this District.

## PARTIES AND COVERAGE

8.    Plaintiff, Kyle Merschdorf, is an adult male resident of the State of Wisconsin with a post office address of 429 Lake Street, Rhinelander, Wisconsin 54501.

9.    Defendant, DC Industries Inc., was, at all material times herein, a Wisconsin entity with a principal address of 1016 Randall Avenue, Rhinelander, Wisconsin 54501.

10.    Defendant DC Industries does business in the State of Wisconsin as Domino's Pizza, operating multiple physical locations in the State of Wisconsin within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

11.    Defendant, Daniel Cahee, was, at all material times herein, an individual residing in the State of Wisconsin with principal business and/or contact address of 1016 Randall Avenue, Rhinelander, Wisconsin 54501.

12.    Defendant Cahee owned, operated, and managed Defendant DC Industries within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

13.    Defendant Cahee owned, operated, and managed all of Defendant DC Industries' Domino's Pizza locations in the State of Wisconsin within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

14.    Within the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff performed compensable work in the State of Wisconsin at Defendants' Domino's Pizza location at 623 Lincoln St, Rhinelander, Wisconsin 54501.

15. For purposes of the FLSA, Defendants were "employers" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

16. For purposes of the WWPCL, Defendants were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

17. During the relevant time periods as stated herein, Defendant DC Industries was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

18. During the relevant time periods as stated herein, Defendant DC Industries employed more than two (2) employees.

19. During the relevant time periods as stated herein, Defendant DC Industries' annual dollar volume of sales or business exceeded $500,000.

20. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

21. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

22. Plaintiff brings this action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt Deliver Driver employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other hourly-paid, non-exempt Deliver Driver employees were subjected to Defendants' same terms and conditions of employment and same unlawful compensation policies as enumerated herein, performing the same or similar job duties at all physical locations in the State of Wisconsin that were owned, operated, and managed by Defendants.

23.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt Deliver Driver employees on whose behalf Plaintiff brings this Complaint performed compensable work in same or similar job duties on Defendants' behalf, at Defendants' direction, for Defendants' benefit, and/or with Defendants' knowledge.

24.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants supervised and/or managed Plaintiff's and other hourly-paid, non-exempt Deliver Driver employees' day-to-day activities.

25.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and/or suspended Plaintiff and other hourly-paid, non-exempt Deliver Driver employees.

26.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants reviewed Plaintiff's work performance and the work performance of other hourly-paid, non-exempt Deliver Driver employees.

27.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established and/or approved Plaintiff's and other hourly-paid, non-exempt Deliver Driver employees' work schedules, and Defendants provided Plaintiff and all other hourly-paid, non-exempt Deliver Driver employees with work assignments and hours of work.

28.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Deliver Driver employees abided in the workplace.

29.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Deliver Driver employees utilized Defendants' employment policies, practices, and/or procedures in the performance of their job duties.

30.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt Deliver Driver employees' employment-related questions, benefits-related questions, and workplace issues.

31.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt Deliver Driver employees for hours worked and/or work performed.

## GENERAL ALLEGATIONS

32.     In approximately the year 2017, Defendants hired Plaintiff into the position of Delivery Driver working primarily based out of Defendants' Rhinelander, Wisconsin Domino's Pizza location.

33.     Plaintiff is still currently employed by Defendants.

34.     During the entirety of Plaintiff's employment with Defendants, Plaintiff's Delivery Driver position was an hourly-paid position.

35.     During the entirety of Plaintiff's employment with Defendants, Plaintiff's Delivery Driver position was a non-exempt position for FLSA and WWPCL purposes.

36.     During Plaintiff's employment with Defendants, Plaintiff performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction in the position of Delivery Driver.

37.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Delivery Driver employees employed by Defendants were employed and performed compensable work in hourly-paid, non-exempt job positions as part of Defendants' food preparation and delivery services.

38.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt Delivery Driver employees.

39.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt Delivery Driver employees.

40.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt Delivery Driver employees for all remuneration earned.

41.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt Delivery Driver employees' hours worked each workweek.

42.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt Delivery Driver employees on a bi-weekly basis via paycheck.

43.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Monday through Sunday.

44.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful compensation policies, practices, customs, and/or schemes of failing to pay minimum wages each workweek in violation of the FLSA and WWPCL.

45.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants operated an unlawful compensation system that deprived Plaintiff and all other current and former hourly-paid, non-exempt Delivery Driver employees of minimum wages for all compensable work performed each workweek by: (1) requiring said employees to use their own vehicles when delivering pizza and other food items to customers, but failing to reimburse said employees for the costs of the use of their vehicles, such as gas, maintenance, and insurance, in violation of the FLSA and WWPCL; (2) compensating said employees at an (effective) hourly rate of less than $7.25 per hour when performing in-store duties, such as making pizzas and other food items and assisting customers, in violation of the FLSA and WWPCL; and (3) taking a tip credit on a pay period basis, but failing to have a tip declaration signed by said employees each pay period, in violation of the WWPCL.

46.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other current and former hourly-paid, non-exempt Delivery Driver employees' job duties included delivering pizza and other food items to customers with the use of their own vehicles and/or performing in-store duties, such as making pizzas and other food items and assisting customers.

47.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants required Plaintiff and all other current and former hourly-paid, non-

exempt Delivery Driver employees to maintain and pay for safe, legally-operable, and insured vehicles when delivering pizza and other food items to customers for or on behalf of Defendants.

48.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt Delivery Driver employees incurred out-of-pocket costs and expenses to operate and maintain their vehicles when delivering pizza and other food items to customers for or on behalf of Defendants, including but not limited to gas, repairs, maintenance, insurance, depreciation, and other costs and expenses.

49.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other current and former hourly-paid, non-exempt Delivery Driver employees at a rate of less than $7.25 per hour when delivering pizza and other food items to customers for or on behalf of Defendants.

50.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other current and former hourly-paid, non-exempt Delivery Driver employees at a rate of less than, near, or at $7.25 per hour when performing in-store duties, such as making pizzas and other food items and assisting customers,

51.     At times within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants claimed or took a tip credit on a pay period basis for the difference between Plaintiff's and all other current and former hourly-paid, non-exempt Delivery Driver employees' hourly rate and $7.25 per hour when Plaintiff and all other current and former hourly-paid, non-exempt Delivery Drivers delivered pizza and other food items to customers for or on behalf of Defendants.

52.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and when Defendants claimed or took a tip credit on a pay period basis for the difference between Plaintiff's and all other current and former hourly-paid, non-exempt Delivery Driver employees' hourly rate and $7.25 per hour when Plaintiff and all other current and former hourly-paid, non-exempt Delivery Drivers delivered pizza and other food items to customers for or on behalf of Defendants, Defendant did not obtain a signed tip declaration from said employees each pay period.

53.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not notify or inform Plaintiff and all other current and former hourly-paid, non-exempt Delivery Driver employees of the method and manner in which Defendants would meet its minimum wage obligations to them as tipped employees.

54.    At times within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other current and former hourly-paid, non-exempt Delivery Driver employees with, in addition to their hourly rate(s) of pay, a "flat rate" per delivery when delivering pizza and other food items to customers for or on behalf of Defendants.

55.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the "flat rate" per delivery that Defendants compensated Plaintiff and all other current and former hourly-paid, non-exempt Delivery Driver employees with, in addition to their hourly rate(s) of pay, when delivering pizza and other food items to customers for or on behalf of Defendants did not cover and/or were not reasonable or representative approximations of the actual vehicle costs and expenses incurred by Plaintiff and all other current and former hourly-paid, non-exempt Delivery Driver employees.

56.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the actual vehicle costs and expenses incurred by Plaintiff and all other current and former hourly-paid, non-exempt Delivery Driver employees when delivering pizza and other food items to customers for or on behalf of Defendants exceed the "flat rate" per delivery with which Defendants compensated Plaintiff and all other current and former hourly-paid, non-exempt Delivery Drivers.

57.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt Delivery Driver employees at a lawful minimum wage for all hours worked free and clear of their obligations to Defendants as required by the FLSA and Wisconsin law.

58.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Delivery Driver employees' paychecks did not properly or lawfully compensate them for all hours worked in a workweek at the lawful minimum wage.

59.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Delivery Driver employees employed by Defendants were legally entitled to minimum wages for all hours worked in each workweek.

60.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' unlawful pay practices as described herein resulted in Plaintiff and all other hourly-paid, non-exempt Delivery Driver employees being deprived of minimum wages for all hours worked in each workweek.

61.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants were or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Delivery Driver employees with minimum wages for all hours worked in each workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

62.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> All current and former hourly-paid, non-exempt Delivery Driver employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

63.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and were compensated on an hourly basis (and not on a salary basis) each workweek.

64.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay practices failed to compensate Plaintiff and the FLSA Collective with an effective hourly rate of at least $7.25 per hour for all hours worked in a workweek by requiring said employees to use their own vehicles when delivering pizza and other food items to customers, but failing to reimburse said employees for the costs of the use of their vehicles, such as gas and maintenance, and by compensating said employees at an hourly rate of less than $7.25 per hour when performing in-store duties, such as making pizzas and other food items and assisting customers.

65.     Defendants' deliberate failure to properly compensate Plaintiff and the FLSA Collective in such a fashion as described in the aforementioned paragraph violated federal law as set forth in the FLSA.

66.     Defendants' unlawful practice as it related to compensation of minimum wages to Plaintiff and the FLSA Collective as described herein failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful wages and compensation due and owing to them, in violation of the FLSA.

67.     Defendants were or should have been aware that their unlawful practices as described herein failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful wages and compensation due and owing to them, in violation of the FLSA.

68.     Plaintiff's FLSA Cause of Action is brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and these Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

69.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with minimum wages. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

70.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendants' pay practices as described herein.

71.     The FLSA Collective is readily ascertainable. For purpose of notice, the names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' locations in areas where postings are normally made.

72.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

73.     Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> All current and former hourly-paid, non-exempt Delivery Driver employees employed by Defendants within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1).

74.     The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

75.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over thirty members (30) members of the Wisconsin Class.

76.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the members of the Wisconsin Class were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

77.     Plaintiff is able to fairly and adequately protect the interests of the members of the Wisconsin Class and has no interests antagonistic to the members of the Wisconsin Class. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

78.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual members of the Wisconsin Class are small in the sense pertinent to a class action analysis, the expenses and

burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

79.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

80.     Defendants have violated the WWPCL regarding payment of minimum wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

81.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendants' actions include, without limitation, the following: (a) Whether Defendants maintained an unlawful compensation system

that failed to compensate the Wisconsin Class with minimum wages for every hour worked each workweek; and (b) The nature and extent of class-wide injury and the measure of damages for the injury.

82.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of himself and the FLSA Collective)**

83.    Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

84.    At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

85.    At all times material herein, Defendants were employers of Plaintiff and the FLSA Collective as provided under the FLSA.

86.    Defendants were (and are) subject to the minimum wage requirements of the FLSA because Defendant, DC Industries Inc., is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

87.    At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

88.    Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

89.     The FLSA regulates, among other things, the payment of minimum wages by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a)(1).

90.     Defendants violated the FLSA by intentionally failing to compensate Plaintiff and the FLSA Collective with an effective hourly rate of at least $7.25 per hour for each hour worked each workweek during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

91.     Defendants' failure to properly compensate Plaintiff and the FLSA Collective with minimum wages was willfully perpetrated. Defendants also have not acted in good faith or with reasonable grounds to believe their actions and omissions were not violations of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described above pursuant to the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith or with reasonable grounds in failing to pay minimum wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

92.     As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

93.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated minimum wages within the three (3) years preceding the date of filing of this Complaint, plus

periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

94.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin's Wage Payment and Collection Laws, as Amended
### <u>(Plaintiff, on behalf of himself and the Wisconsin Class)</u>

95.     Plaintiff, on behalf of himself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

96.     At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendants were employers of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendants employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

97.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

98.     At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class minimum wages.

99.     Wis. Stat. § 109.03 requires payment of all wages earned by Plaintiff and the Wisconsin Class to a day not more than thirty-one (31) days prior to the date of payment.

100.     Throughout the Wisconsin Class Period, Defendants intentionally failed to compensate Plaintiff and the Wisconsin Class with minimum wages – with an hourly rate of at least $7.25 for each hour worked each work day and each workweek – in willful violation of the WWPCL.

101.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

102.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a)   At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt Delivery Driver employees employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b)   At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c)   At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Delivery Driver employees damages in the form of reimbursement for minimum wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Delivery Driver employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages owed to them;

g) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt Delivery Driver employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt Delivery Driver employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 18th day of December, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *James A. Walcheske*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com