IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KYLE MERSCHDORF, on behalf of himself
and all others similarly situated,

                Plaintiff,                  OPINION and ORDER

   v.

                                                   19-cv-1037-jdp

DC INDUSTRIES INC. and DANIEL CAHEE,

                Defendants.

---

Plaintiff Kyle Merschdorf filed this proposed collective and class action against defendants DC Industries Inc., which operates several Domino's Pizza restaurants in Wisconsin, and Daniel Cahee, DC's owner and manager. Merschdorf contends that defendants owe DC's delivery drivers unpaid wages under the Fair Labor Standards Act (FLSA) and Wisconsin wage law. The parties have filed a joint motion for preliminary approval of a proposed settlement of this lawsuit. Dkt. 17. In their motion, the parties seek certification of a collective under 29 U.S.C. § 216(b) and a class under Federal Rule of Civil Procedure 23 for the purpose of settlement, along with appointment of a class representative and class counsel and approval of a class notice. The court will grant the motion with a modification, direct Merschdorf to send notice to the collective and class members, set a deadline for a motion for final approval, and set a date for a telephonic fairness hearing.

ANALYSIS

Merschdorf seeks to bring claims on behalf of himself and other DC delivery drivers under the FLSA and Wisconsin wage law. He contends that defendants violated the FLSA and Wisconsin wage law in three ways: (1) defendants required drivers to use their own vehicles

for deliveries without reimbursing them for costs such as gasoline, insurance, and maintenance, which caused drivers' effective hourly pay to fall below the minimum wage; (2) defendants paid drivers an effective hourly rate below the minimum wage when they performed in-store duties such as preparing food and assisting customers; and (3) defendants took tip credits on drivers' wages—that is, they paid drivers at an hourly rate below the minimum wage based on the drivers' tips—without obtaining signed tip declarations from the drivers. The first two claims are based on both the FLSA and Wisconsin wage law, and the third is based solely on Wisconsin wage law.

Collective actions under the FLSA are governed by 29 U.S.C. § 216(b); class actions under Wisconsin wage law are governed by Rule 23. The primary difference between the two standards is that employees must opt in to a collective, but they must opt out of a class. *See Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771 (7th Cir. 2013). Plaintiffs are permitted to join a collective action under the FLSA with a class action, and "the case law has largely merged the standards" for the two types of actions with merely "terminological differences." *Id.* at 772. So the court may treat both suits "as if [they] were a single class action" under Rule 23 for the purposes of certification. *Id.*

The court has subject-matter jurisdiction over Merschdorf's FLSA claim under 28 U.S.C. § 1331 because it arises under federal law, and the court may exercise supplemental jurisdiction over his state-law claim under 28 U.S.C. § 1367 because it is part of the same case or controversy.

A. Collective and class certification

The parties propose the following definition for both the proposed state-law class and the proposed FLSA collective for the purpose of settlement:

> All current and former hourly-paid, non-exempt Delivery Driver employees employed by Defendants within the two (2) years immediately preceding the filing of the complaint.

Dkt. 17-1, at 1–2. Although the parties have settled, the court must still certify that the proposed class satisfies Rule 23's requirements. There are three requirements for class certification under Rule 23: (1) the class must be clearly defined with objective criteria, *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 657 (7th Cir. 2015); (2) the class must satisfy the threshold requirements of numerosity, commonality, typicality, and adequacy of representation under Rule 23(a); and (3) the class must meet the requirements of at least one of the types of class actions listed in Rule 23(b).

The parties have satisfied the first requirement because they have clearly defined a class that can be identified using objective criteria: the class includes all delivery drivers who worked for defendants within a two-year period, were paid on an hourly basis, and weren't exempt from minimum-wage requirements. Defendants didn't challenge delivery drivers' non-exempt status in their answer, *see* Dkt. 9, ¶ 35, so defining class membership in terms of exemption status doesn't make the class a so-called "fail-safe class," in which class membership is improperly defined by success on the merits. *See Mullins*, 795 F.3d at 660.

Numerosity requires the proposed class to be so numerous that joinder is impracticable. Fed. R. Civ. P. 23(a). The court of appeals has deemed classes of 40 members to be sufficient. *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). The parties say that there are approximately 37 members in the class, and they submit a list of 37 class members and their proposed awards. Dkt. 17-1, at 19. The parties contend that joinder of the class would be impracticable because forcing class members "to relitigate the common issues present in this case would unnecessarily increase the cost of litigation." Dkt. 18, at 13. And

several of the claims are of low value; many of the class members stand to receive awards of less than $500, with five of them below $100. *See* Dkt. 17-1, at 19. Although the class is not especially large, the court concludes that joinder would unnecessarily increase the cost of litigation, particularly for class members with low-value claims. So the numerosity requirement is satisfied.

Commonality requires that the action involve "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In other words, a proposed class meets this requirement if "determining the truth or falsity of [a] common contention will resolve an issue that is central to the validity of each claim." *Chi. Teachers Union, Local No. 1. v. Bd. of Educ.*, 797 F.3d 426, 434 (7th Cir. 2015). The claims in this case involve several common questions, all of which would share common answers: whether defendants reimbursed drivers for their driving expenses; whether drivers performed untipped in-store duties such as food preparation, and whether defendants adjusted their wages to account for this work; and whether defendants obtained tip declarations from drivers before taking tip credits. The determination of these issues, regardless of outcome, will resolve the allegations of the entire class. So the requirement of commonality is satisfied.

Typicality requires the class representative's claims to be typical of the claims of the proposed class. Merschdorf's claim "arises from the same . . . practice or course of conduct that gives rise to the claims of other class members and his . . . claims are based on the same legal theory," so the typicality requirement is satisfied. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (internal quotation marks omitted).

Adequacy of representation has two components: (1) whether the class representatives' interests are aligned with the class's interests; and (2) whether class counsel can capably litigate

the case. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). The court sees no apparent conflicts between Merschdorf's interests and those of the rest of the class. And nothing in this case so far casts doubt on the capabilities of Merschdorf's counsel. So this requirement is also met.

In addition to satisfying Rule 23(a)'s four prerequisites, the proposed class must also satisfy the requirements of one of Rule 23(b)'s three subsections. Merschdorf contends that this action satisfies Rule 23(b)(3), which requires that the action's common questions of law or fact predominate over questions that affect only individual members, and that the controversy would best be resolved through a class action. To determine whether common questions predominate, the court considers (1) the class members' interests in individually controlling their own claims; (2) the nature and extent of any other litigation about the controversy; (3) the desirability of concentrating the litigation here; and (4) any management challenges that the case may present. Fed. R. Civ. P. 23(b)(3).

First, although individual class members have an interest in controlling their own claims, they also have an interest in efficiently resolving their claims, which a class action and the proposed settlement provide. Individual litigation of each class member's claims would be expensive and time-consuming, and the cost of litigation would likely exceed any recovery. Second, there is no indication that any class members are pursuing other litigation related to the claims at issue in this case. Third, consolidating the common issues and resolving them in one case is efficient. Fourth, the case presents no management difficulties because the parties have settled. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (court need not inquire into management difficulties when considering class certification for purposes of settlement). So the predominance requirement is satisfied.

Superiority is also satisfied. This action involves a collection of low-value wage claims. Resolving those claims through a class action will save time and expense for both the class members and the defendants, and it will also conserve court resources.

The proposed class satisfies all of Rule 23's requirements, so the court will certify the proposed class for settlement purposes.

## B. Preliminary approval

The class has been certified, so the court must determine whether to preliminarily approve the proposed settlement. The settlement, Dkt. 17-1, creates a settlement fund of $143,943.50. From this amount, class counsel would receive attorney fees, costs, and expenses of up to $50,476.37 and Merschdorf would receive a service award of $5,000. The remaining $88,467.13 would be divided among the class members, with the members receiving checks in the amounts shown at Dkt. 17-1, at 19. Any checks not cashed within 180 days, and any awards not distributed because class members opted out of the Rule 23 class or failed to opt in to the FLSA collective, will revert to defendants.

The court has reviewed the terms of the proposed settlement and concludes that the court will likely be able to give final approval of the settlement. But the court notes an apparent contradiction in the parties' submissions regarding the calculation of the class members' payments. In their brief, they say that the amounts represent "approximately a pro rata" distribution of the settlement fund based on the hours each member worked. Dkt. 18, at 6. But the settlement agreement says that the members' proposed payments "represent[] their actual damages, inclusive of interest and liquidated damages, related to the minimum wage claims owed for the two-year (2) statutory period under the FLSA." Dkt. 17-1, at 4–5. The parties do not offer any other explanation for their damages calculations or how they reached

these amounts. In their motion for final approval, the parties should clearly explain how the proposed payments relate to their damages calculations.

The court has also reviewed the proposed notice to the class and finds that it complies with the requirements of Federal Rule of Civil Procedure 23, with one exception. The proposed notice explains to the class members that their awards will vary based on whether they opt in to the FLSA collective or opt out of the Rule 23 class. Dkt. 17-1, at 11–12. And it refers to an "Exhibit A" that lists a "Rule 23 Amount" and an "FLSA Collective Amount" to indicate how much each member will receive. But the "Exhibit A" attached to the settlement agreement, Dkt. 17-1, at 19, doesn't divide the awards in this way. Instead, it provides two amounts for each class member: "Owed" and "Liquidated." It appears that the "Owed" column indicates what class members who participate in the Rule 23 class but not the FLSA collective will receive, and that the "Liquidated" column indicates what class members who participate in both the class and the collective will receive. Before sending notice to the class, the parties must replace Exhibit A with a table that lists class members' awards as described in the notice.

The parties may have until December 8, 2020 to disseminate notice to the class, after which class members will have 30 days to opt in to the FLSA collective, opt out of the Rule 23 class, or file objections. The parties may have until February 18, 2021, to file a motion for final approval addressing the factors in Rule 23(e)(2). Merschdorf may have until February 18 to

file a motion for attorney fees; defendants may have until February 25 to respond. The court will hold a telephonic fairness hearing on March 4, 2021, at 1:00 p.m.

Entered November 24, 2020.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge